White, Administrator, Daigle, and White, for use, v. Bird.

recorded in the book of mortgages and privileges, he had no privilege which could affect third parties. Article 123 of the Constitution declares, among other things, that "no mortgage or privilege shall hereafter affect third parties unless recorded in the parish where the property to be affected is situated. The tacit mortgages and privileges now existing in this State shall cease to have effect against third persons after the first of January, 1870, unless duly recorded. The General Assembly shall provide by law for the registration of all mortgages and privileges."

In 1869 the General Assembly passed a law directing how mortgages and privileges should be recorded. Article 3093 Revised Statutes.

The provision of the Constitution is unambiguous—"no mortgage or privilege shall hereafter affect third parties, unless recorded in the parish where the property to be affected is situated."

The account of the third opponent has not been recorded. He can not, therefore, assert any privilege so as to affect the rights of the seizing creditors.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.

No. 3293.—STATE OF LOUISIANA v. SOUTHERN BANK.

Banks organized under the free banking law of the State of Louisiana are exempt by said act from paying to the State or any of its municipal corporations. A license for carrying on the business of banking. The acceptance of the privileges of this law by any individual or company in the State amounts to a contract between such person or company and the State, which can not afterward be infringed or impaired by the State.

Article seventeen of section three of the revenue law of 1869, which imposes a license on persons engaged in banking under the free banking law of the State, is in conflict with section ten of article one of the Constitution of the United States, and is, therefore, void.

APPEAL from Third District Court, parish of Orleans. *Emerson*, J. *S. Belden*, Attorney General, and *Hornor & Benedict*, for the State. *C. Roselius* and *Alfred Phillips*, for defendant and appellant.

LUDELING, C. J. This suit is to compel the defendant to pay one thousand dollars as a license for the year 1870, for the privilege of banking.

The bank avers that by its charter and the law authorizing free banks to be established (which forms a part of the charter), free banks are exempted from paying a license for carrying on their business.

There was judgment in favor of the plaintiff, and the defendant has appealed.

It is admitted by the Attorney General that this question was decided in the case of New Orleans v. Southern Bank, 11 An. 42, but he insists, in the brief filed, that we should overrule it. In that case the court said: " We must, therefore, conclude that this section was intended

for the security of the capitalist and an assurance to him that, if he invested his money in the banks, under this general banking law, his stock should be taxed at the same rate as other personal property. So far, then, this section possesses the force of an obligation, binding alike upon the State and all municipal and other corporations deriving their authority from this State.

We are unable to concur with those who contend that this opinion is erroneous.

To induce capitalists to invest their funds in institutions which would meet the public wants, the Legislature proffered that they might do so, upon certain terms and conditions and under the liabilities and penalties stipulated. The proposition was accepted. It is, therefore, a contract, binding upon the State as well as the bank.

" A contract between the State and individuals is as obligatory as any other contract. Until a State is lost to all sense of justice and propriety she will scrupulously abide by her contracts, more scrupulously than she will exact their fulfillment by the opposite contracting party."

In Fletcher v. Peck, 6 Cranch 135, Chief Justice Marshall said : " If an act be done under a law, a succeeding Legislature can not undo it."

Article seventeen of section three of the revenue act of 1869, which imposes a license tax upon the occupation of defendant, is violative of section ten of article one of the Constitution of the United States.

It is therefore ordered and adjudged that the judgment of the court a qua be avoided and reversed, and that there be judgment rejecting the plaintiff's demand, with costs of both courts.